# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY FRAZIER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 25-1692 |
| | : | |
| **OFFICER CHRISTOPHER LAMAINA** | : | |

## ORDER

**AND NOW**, this 29th day of August 2025, upon studying Defendants' Motion for summary judgment (ECF 35), Plaintiff's Opposition (ECF 38), finding genuine issues of material fact precluding the entry of summary judgment on the plead failure to intervene claim based on alleged excessive force with handcuffs against Officer Christopher Lamaina but no genuine issues of material fact on the remaining claims, and as more fully described in a forthcoming Memorandum,[1] it is **ORDERED** we **GRANT in part** Defendants' Motion (ECF 35) requiring we:

    1.    **Dismiss** with prejudice Count I of the second amended Complaint (ECF 28) (excessive force);

    2.    **Dismiss** with prejudice Count II of the second amended Complaint (ECF 28) (failure to intervene in the alleged excessive force in handcuffing as the only claim pleaded) against Officers Devlin, Swart, Powell, and Wilkins requiring we dismiss these Officers from the case with prejudice; and,

---

[1] We afford trial counsel early notice of the summary judgment disposition (with a Memorandum to follow) mindful of their request to defer further briefing on the F.R.E. 702 Motion (ECFs 36, 37) until shortly after we address summary judgment (with briefing only completed earlier this week) so as to allow them to better balance longstanding pretrial obligations beginning next week under our May 14, 2025 Order (ECF 16) and further their ongoing discussions to resolve the claims before trial including by following up with Judge Hey.

2

3.     **Amend** the caption as above as we proceed under our May 14, 2025 Order (ECF 16) **only** on the failure to intervene in the alleged excessive force in handcuffing claim in Count II against Officer Christopher Lamaina given his arguments opposing summary judgment requiring we find genuine issues of material fact and credibility as to whether he had notice of alleged force so excessive it violates the Fourth and Fourteenth Amendments based on Plaintiff's statement inside the closed-door police wagon "these cuffs are too tight, man" leading Officer Lamaina to reply "huh?" and "I can't hear you" outside of the police wagon with no apparent follow-up evidenced on the body worn cameras.

_____
**KEARNEY, J.**